NOT FOR PUBLICATION

```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| HECTOR RODRIGUEZ,  :  | |
| : | Civil Action No. |
| Petitioner, : | 07-2530 (JSB) |
| : | |
| v. : | **O P I N I O N** |
| : | |
| CAMDEN COUNTY : | |
| CORRECTIONAL FACILITY : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

    HECTOR RODRIGUEZ, Petitioner pro se
    #185938
    Camden County Correctional Facility
    Camden, New Jersey  07032

**SIMANDLE**, District Judge

    Petitioner HECTOR RODRIGUEZ (hereinafter "Petitioner"), a pre-trial detainee currently confined at the Camden County Correctional Facility in Camden, has submitted a pro se petition for a writ of habeas corpus (hereinafter "Petition"), pursuant to 28 U.S.C. § 2254, in which he asserts that his detention is in violation of Petitioner's constitutional rights because he was unlawfully arrested, the prosecutor of his criminal action failed to allege sufficient facts in support of Petitioner's indictment, and Petitioner "ha[s] not been before a judge with authority to order [Petitioner] detained."  See Pet. at 2-4.

For the reasons stated below, the Court will dismiss the Petition without prejudice, as unexhausted and premature, and will also decline to issue a certificate of appealability.

## **DISCUSSION**

### I.  **28 U.S.C. § 2254**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (emphasis supplied).

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(emphasis supplied).

Moreover, once a decision is reached by a defendant's trial court, the defendant shall "exhaust his state remedies" prior to bringing a habeas action.  Exhaustion of state remedies has been

required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, 1217 (April 24, 1996).

   The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  See Rose, 455 U.S. at 519.

   The exhaustion doctrine is a "total" exhaustion rule. Therefore, a district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies for all grounds presented in the petition at every level of the State court or such process is unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); see also Duckworth v. Serrano, 454 U.S. 1 (1981).  In fact, Section 2254(b) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
> (B)
> >  (i)   there is an absence of available State corrective process; or
> >  (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Therefore, this Court is prevented from entertaining Petitioner's § 2254 application unless it has been duly exhausted in state courts. Since Petitioner's criminal proceedings are still to take place, Petitioner, by definition, could not have exhausted his state remedies. (In fact, at the instant juncture, this Court does not even have any decision by the state court to review, with respect to Petitioner's claims, under the mandate of § 2254.) Moreover, there is no indication that the state court system is unavailable or ineffective to protect Petitioner's

4

rights. Therefore, Petitioner's § 2254 application should be dismissed as unexhausted and premature.

In addition, it appears that Petitioner misunderstands the nature of habeas relief, since Petitioner states that he "requires prompt response [of this Court] and immediate release within 7 days from []his petition." Pet. at 11. This statement indicates Petitioner's belief that this Court may, somehow, utilize Section 2254 to enjoin the state court from having Petitioner's criminal proceedings. If so, Petitioner errs: this Court is prevented from enjoining a state action by the workings of the abstention doctrine.

The doctrine of abstention which has developed since <u>Younger v. Harris</u>, 401 U.S. 37 (1971), "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system."[1]  <u>Evans v. Court</u>

---

[1] In that respect, public policies underlying the abstention doctrine parallel those underlying the exhaustion doctrine and the AEDPA. Federal courts consistently found that "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971)(citations and internal quotation marks

of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).  Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.  See id.

The specific elements of the Younger abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  All three Younger criteria are met in the case at hand. First, Petitioner's claims concern a currently undergoing state criminal proceeding.  Second, based upon the fact that Petitioner is attempting to raise issues concerning the validity of his arrest and incarceration, these proceedings clearly implicate important state interests, that is, to render a valid conviction or acquittal.  Third, the legal forums of the State of New Jersey clearly afford Petitioner an adequate opportunity to raise his federal law issues.[2]

---

omitted). Similarly, the statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" Rhines, 544 U.S. at 276-77 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

[2]   Petitioner has not asserted that he is unable to present his federal claims in his related state proceedings.  Thus, this Court may assume that the state procedures will afford an adequate remedy.  See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995)

Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," Younger, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," id. at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." Id. at 54. These exceptions are to be narrowly construed. See Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Thus, "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971).

Since it appears from the face of the petition that Petitioner has every reason to hope for a valid conviction or acquittal from state courts, Petitioner failed to assert any circumstances that would bring the case at bar within any of the narrow exceptions to the Younger doctrine. Therefore, this Court has no reason to entertain Petitioner's request for an injunctive relief.

---

(citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal [litigant]")

**CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## **CONCLUSION**

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The Court therefore will dismiss his § 2254 habeas petition, without prejudice, for failure to exhaust available state court remedies and as premature.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

An appropriate Order accompanies this Opinion.


             **s/ Jerome B. Simandle**
              JEROME B. SIMANDLE
            United States District Judge

Dated:  **June 8, 2007**